UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN BOTH, <br><br> Plaintiff, <br><br> -against- <br><br> PACIFIC MEDICAL REVENUE, INC.; ETHNE NANCE, <br><br> Defendants. | 22-CV-9933 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff John Both brings this *pro se* action under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

The following factual allegations, which are taken as true for purposes of this initial review, are drawn from the complaint. Plaintiff currently resides in Mineola, located in Nassau County, New York.[1] (*Id.* at 10-11.) Plaintiff provides the same address for both Defendants, Pacific Medical Revenue, Inc., and its president, Ethne Nance, in Woodbridge, Virginia. (*Id* ¶ II.) Defendants "operate a billing service," and failed to return unspecified business records to Plaintiff. (ECF 1 ¶ III.) Plaintiff seeks the return of the records and $380,000 in damages. (*Id.* ¶ IV.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1] Attached to the complaint is a document listing a North Carolina address for Plaintiff. It appears that Plaintiff filed that document in a North Carolina state court to seek permission to appear *pro hac vice.* Plaintiff does not identify himself as an attorney in this complaint.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts claims against Defendants who are located in Woodbridge, Virginia. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Woodbridge, Prince William County, Virginia. Because Defendant Ethne Nance is employed at Pacific Medical Revenue, Inc., which is located in Woodbridge, Virginia, and the alleged events occurred in Woodbridge, Virginia, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Prince William County, which is in the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 127(a). Accordingly, venue lies in the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of Virginia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 7, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff did not pay the filing fees or submit an application for leave to proceed *in forma pauperis* when he filed this complaint.